THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THERESE ROHLING PLATT,<br><br>                    Plaintiff,<br><br>       v.<br><br>HOLLAND AMERICA LINE, INC., *et al.*,<br><br>                    Defendants. | CASE NO. C20-0062-JCC<br><br>ORDER |

This matter comes before the Court on the parties' stipulation as to liability (Dkt. No. 17). The parties stipulate to the following:

1. That a Nestle Vitality Fruit Juice machine, Model No. JDF-4S-SB manufactured by the Bunn-O-Matic Corporation ("the Juice Machine") located on-shore at Half Moon Kay in the Bahamas was ungrounded on or about April 11, 2019.
2. That Plaintiff sustained an electrical shock when she approached the Juice Machine barefoot and stepped on the wet ground in front of the machine ("the Incident").
3. That Defendants were negligent in allowing an ungrounded Juice Machine to be used at the time of the Incident.
4. That, in light of the foregoing, Defendants admit liability for permitting an ungrounded Juice Machine to be used at the time of the Incident.

5. That Defendants also admit that Plaintiff is not comparatively at fault for sustaining the electrical shock from the Juice Machine.

6. That, regardless of the above admissions, Defendants still dispute that the electrical shock sustained by Plaintiff was the proximate cause of Plaintiff's alleged injuries and damages.

7. That Defendants also still dispute the extent of Plaintiffs' injuries and damages, if any.

8. That the Court may enter the Order filed along with this Stipulation making the above admissions legally binding in this case only.

9. That nothing in this Stipulation or in the Order constitutes an admission of proximate cause or the nature or extent of Plaintiff's injuries or damages claimed to have occurred as a result of the Incident, which remain to be decided by the trier of fact.

Based on the foregoing stipulations, it is hereby ORDERED that Defendants admit to liability in this case against Plaintiff and admit that Plaintiff is not comparatively at fault. Defendants still dispute that the electrical shock sustained by Plaintiff was the proximate cause of Plaintiff's alleged injuries and damages. Defendants also still dispute the extent of Plaintiff's injuries and damages, if any.

DATED this 11th day of December 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE