UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THERESE ROHLING PLATT,<br><br>Plaintiff,<br><br>v.<br><br>HOLLAND AMERICA LINE INC., ET AL.,<br><br>Defendants. | CASE NO. 2:20-cv-00062-JHC<br><br>ORDER |

Before the Court is Defendants' "Motion to Strike Plaintiff's Second Untimely Disclosed Mental Health Expert." Dkt. # 48. For the reasons below, the Court GRANTS the motion.

## I

### BACKGROUND

Plaintiff alleges she sustained injuries on April 11, 2019, from an electrical shock during a cruise operated by Defendants. *See generally* Dkt. # 1. Plaintiff filed suit on January 14, 2020. *Id.*

Since this suit began over three years ago, the trial date has been continued six times. On November 30, 2021, the Court issued an order requiring the parties to disclose expert reports no

ORDER - 1

later than January 6, 2022.  Dkt. # 31.  Discovery closed on January 9, 2023.  Dkt. # 39.  Trial was set for February 27, 2023.  *Id.*

On January 13, 2023, Plaintiff served a supplemental expert disclosure for Dr. Jeffrey C. Wood.  The disclosure states:

> Dr. Wood is a psychologist with 15 years of experience in the mental health field. Dr. Wood completed his doctoral degree at the Wright Institute, Berkeley, CA; his predoctoral internship at Central California Psychology Internship Consortium, Fresno, CA; and his post-doctoral fellowship at Kaiser Permanente's Chronic Pain Department, San Francisco, CA. Dr. Wood worked for the VA Southern Nevada Healthcare System for four years in various roles, including director of the Las Vegas Vet Center, addictions counselor, and trauma specialist. Before that Dr. Wood served as an active-duty psychologist in the United States Air Force, where he earned the rank of captain, deployed to Afghanistan in support of the US Army's 173rd Airborne Brigade and 93D Military Police Battalion, and served as the primary Survival, Evasion, Resistance, and Escape (SERE) psychologist in theater.
>
> Dr. Wood will testify that he began treating Plaintiff regarding her psychological injuries beginning December 21, 2022. It is anticipated that Dr. Wood will testify concerning Plaintiff's psychological injuries and symptoms caused by the electrocution, Plaintiff's treatment related to the electrocution, necessity of past treatment, the need for future treatment and corresponding cost of such treatment. Dr. Wood's testimony will be consistent with medical records and reports acquired in the scope and practice of his clinic, records previously produced and obtained by the parties and medical history available in Plaintiff's electronic files. Dr. Wood is a treating provider and has not been retained or specifically employed to provide expert testimony and therefore is exempt from the requirements of Federal Rule of Civil Procedure 26(a)(2)(B).

Dkt. # 49-1 at 14-15.

Defendants filed this motion to exclude on January 18, 2023.  Dkt. # 48.  Plaintiff needed to respond no later than January 30, 2023.  *See* LCR 7(d)(3).  On the noting date of this motion, Defendants filed a reply brief in which they stated that Plaintiff did not respond.  Dkt. # 60.  Noticing the error, Plaintiff filed a motion for an extension of time to respond.  Dkt. # 61.  Plaintiff did not provide good cause for an extension, so the Court denied Plaintiff's motion for

ORDER - 2

an extension. Dkt. # 62. The Court also denied Plaintiff's motion for reconsideration of its decision denying an extension. Dkt. ## 72, 73.

After Defendants filed this motion but before the motion noted, the Court sua sponte moved the trial date from February 27, 2023 to April 24, 2023 based on the Court's own scheduling constraints. Dkt. # 58.

## II

### DISCUSSION

A.  Legal Standards

Federal Rule of Civil Procedure 26(a)(2)(D) requires parties to disclose their expert witnesses "at the times and in the sequence that the court orders." "Absent a stipulation or a court order," those disclosures must be made "at least 90 days before the date set for trial or for the case to be ready for trial." *Id.*

Under Rule 37(c), "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). District courts have "wide latitude" under Rule 37(c) to issue sanctions when a party violates Rule 26. *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) (quoting *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). "The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless." *Lanard Toys Ltd. v. Novelty, Inc.*, 375 F. App'x 705, 713 (9th Cir. 2010).

B.  Application

Plaintiff did not file a timely response to the motion to exclude. Local Civil Rule 7(b)(2) provides: "Except for motions for summary judgment, if a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has

ORDER - 3

merit." Accordingly, the Court may treat Plaintiff's failure to respond to the motion as a concession on the merits. *See* LCR 7(b)(2).

Furthermore, with respect to one argument, the motion has merit. Defendants make two arguments. First, Defendants argue that Dr. Wood is an expert witness required to submit an expert report under Rule 26(a)(2)(B), and that Plaintiff's failure to provide a timely expert report justifies exclusion. Second, Defendants argue that even if Dr. Wood need not produce an expert report, Plaintiff disclosed Dr. Wood on January 13, 2023, only a few weeks before the scheduled trial date of February 27, 2023.

Without further information, the Court cannot accept Defendants' first argument. "Generally speaking, treating physicians are excused from [the written report requirement of Rule 26(a)(2)]." *Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 819 (9th Cir. 2011). But "when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony must comply with Rule 26(a)(2)." *Id.* at 819–20. The Ninth Circuit has held that "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment." *Id.* at 826.

Plaintiff identifies Dr. Wood as a "treating physician" exempt from the reporting requirements of Rule 26(a)(2)(B). Dkt. # 49-1 at 15. Defendants correctly observe that according to the disclosure, some of Dr. Wood's expected testimony would go beyond the scope of Dr. Wood's treatment. For example, the disclosure states that Dr. Wood will testify based on "records previously produced and obtained by the parties and medical history available in Plaintiff's electronic files." *Id.* But this does not necessarily mean that the entirety of Dr. Wood's testimony would be improper. The Court could simply limit his testimony to opinions developed through treatment and exclude any opinions that stray beyond the acceptable

testimony of a treating physician. While the Court is concerned that—because Dr. Wood began treating Plaintiff only a few weeks ago—Dr. Wood's anticipated testimony could easily morph into expert testimony that would require a report, the Court lacks sufficient information about the nature of Dr. Wood's anticipated testimony and his relationship with Plaintiff to conclude that Dr. Wood needed to prepare an expert report.

But even when a party need not provide a report for their expert, the party must still disclose the expert to the opposing party in a timely manner. Rule 26(a)(2)(C) states that for each non-retained expert, a party must disclose the subject matter of the expert's testimony and a summary of the expert's expected testimony. Rule 26(a)(2)(C) often applies to treating physicians. *See, e.g.*, *Wolf v. LVGV, LLC*, No. 219CV02222APGVCF, 2021 WL 1600302, at *3 (D. Nev. Apr. 22, 2021) ("Although treating physicians may be exempt from Rule 26(a)(2)(B)'s written report requirement, they are subject to Rule 26(a)(2)(C)'s requirement"); *Alsadi v. Intel Corp.*, No. CV-16-03738-PHX-DGC, 2020 WL 4035169, at *14 (D. Ariz. July 17, 2020) ("[T]reating physicians who will testify only to conclusions and opinions formed in the course of treating the plaintiff need only be disclosed in the party's Rule 26(a)(2)(C) summary of the testimony."). And the advisory committee note to the 2010 amendments to Rule 26 state:

> A witness who is not required to provide a report under Rule 26(a)(2)(B) may both testify as a fact witness and also provide expert testimony under Evidence Rule 702, 703, or 705. Frequent examples include physicians or other health care professionals and employees of a party who do not regularly provide expert testimony. Parties must identify such witnesses under Rule 26(a)(2)(c) and provide the disclosure required under Rule 26(a)(2)(C).

Fed. R. Civ. P. 26(a)(2)(C) advisory committee note to 2010 amendment.

Rule 26(a)(2)(D) provides a deadline for those disclosures, unless the Court provides otherwise: A party must make all expert disclosures "at least 90 days before the date set for trial or for the case to be ready for trial." Fed. R. Civ. P. 26(a)(2)(D).

ORDER - 5

Here, the Court's scheduling orders did not modify the default 90-day deadline created by Rule 26 for non-reporting experts.[1] Therefore, the deadline to disclose a non-reporting expert was November 29, 2022—90 days before the scheduled trial date of February 27, 2023. Plaintiff did not disclose Dr. Wood until January 13, 2023. In fact, Dr. Wood did not begin treating Plaintiff until December 21, 2022, after this deadline. Plaintiff's disclosure was therefore untimely.

After Plaintiff missed the disclosure deadline and after Defendants filed this motion, the Court sua sponte moved the trial date to April 24, 2023 based on its own scheduling constraints. But this does not alter the timeliness analysis. Nothing in the Court's sua sponte continuance suggested that it was re-opening a deadline that had already passed. *See Millenkamp v. Davisco Foods Int'l, Inc.*, No. CV03-439-S-EJL, 2009 WL 3430180, at *2 (D. Idaho Oct. 22, 2009) ("The fact that a new trial has been set does not restart the entire case."); Fed. R. Civ. P. 26(a)(2)(D)(i) (requiring disclosures "at least 90 days before the date *set for trial*" (emphasis added)).

The Court excludes Dr. Wood. Plaintiff did not file a timely response to the motion, and thus did not carry her burden to show that the late disclosure was "substantially justified" or "harmless." *See* Fed. R. Civ. P. 37(c)(1); *Corizon Health*, 993 F.3d at 740. Nor is it likely that this late disclosure would, in fact, be harmless: The discovery deadline has long-since passed, and it would be prejudicial to allow Plaintiffs to introduce new medical evidence close to trial.

Dated this 22nd day of February, 2023.

John H. Chun
United States District Judge

---

[1] And if the Court's scheduling order is read to have modified this deadline (say, by covering disclosure of all experts regardless of reporting obligations), this would not help Plaintiff: The expert report deadline passed over a year ago on January 6, 2022. Dkt. # 31.