1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

THE HONORABLE JOHN H. CHUN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THERESE ROHLING PLATT,

                              Plaintiff,

        v.

HOLLAND AMERICA LINE, INC., a
Washington corporation; HOLLAND
AMERICA LINE – U.S.A., a Delaware
corporation; HOLLAND AMERICA LINE,
N.V. LLC., a Curacao corporation; and HAL
ANTILLEN N.V., a Curacao corporation ,

                              Defendants.

CASE NO. 2:20-CV-00062-JHC

PRETRIAL ORDER

## JURISDICTION

This is an action by a passenger against the agents, owners, operator and charterers

of a cruise ship.  Subject matter jurisdiction is vested in the court pursuant to 28 U.S.C. §

1333 due to admiralty and maritime nature of the claim.

This Court has personal jurisdiction over Defendants based on their substantial,

continuous, and systematic business contacts with the state of Washington.

**CLAIMS AND DEFENSES**

The Court has previously entered an order establishing as a matter of law the Defendants' liability for Plaintiff's electric shock.  Dkt. # 18.  Plaintiff maintains the claims in dispute are whether Plaintiff sustained an electrical shock and/or electrocution injury and whether that was the legal cause of Plaintiff's alleged injuries and damages and the extent of Plaintiff's injuries and damages, if any.  Defendant maintains the claims in dispute, per the Court's previous order (Dkt. # 18, p. 2) are whether the electrical shock sustained by Plaintiff was the proximate cause of Plaintiff's alleged injuries and damages (if any) and the nature and extent of Plaintiff's injuries or damages (if any).

At trial, Plaintiff intends to prove that as a result of Defendants' negligence, Plaintiff has suffered serious injuries as a result of the electric shock occurring on Defendants' property, including, but not limited to, neurological injuries and damages resulting in bilateral frontal lobe seizure disorder, psychogenic nonepileptic seizures, peripheral nerve damage, neuropathy, severe pain in the upper and lower extremities, difficulty with concentration, short term memory loss, headaches, chronic pain, depression, anxiety, emotional distress and PTSD, cognitive impairment, pain and disability, and lost wages and limitations on her future earning capacity.

Plaintiff intends to prove that she has incurred significant past medical expenses and will incur future medical expenses related to her injuries. Plaintiff has experienced pain and suffering, both mental and physical, and disability, and with a reasonable certainty will experience the same in the future. Further, Plaintiff has suffered a reduction in Plaintiff's ability to enjoy life, both past and future, as she previously enjoyed due to her injuries and associated disabilities.

Defendants will pursue a failure to mitigate damages affirmative defense.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

**ADMITTED FACTS**

The following facts are admitted by the parties:

1.     That a Nestle Vitality Fruit Juice machine, Model No. JDF-4S-SB manufactured by the Bunn-O-Matic Corporation ("the Juice Machine") located on-shore at Half Moon Cay in the Bahamas was ungrounded on or about April 11, 2019.

2.     That Plaintiff sustained an electrical shock when she approached the Juice Machine barefoot and stepped on the wet ground in front of the machine ("the Incident").

3.     That Defendants were negligent in allowing an ungrounded Juice Machine to be used at the time of the Incident.

4.     That, in light of the foregoing, Defendants admit liability for permitting an ungrounded Juice Machine to be used at the time of the Incident.

5.     That Defendants also admit that Plaintiff is not comparatively at fault for sustaining the electrical shock from the Juice Machine.

**ISSUES OF LAW**

Plaintiff's Proposal:

Plaintiff does not believe there are any issues of law to be determined by the Court; however, there are issues of fact relating to the nature and extent of Plaintiff's injuries and associated damages.

Defendant's Proposal:

1.   Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from neurological injuries and damages resulting in bilateral frontal lobe seizure disorder proximately caused by the electric shock?

2.   Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from psychogenic nonepileptic seizures proximately caused by the electric shock?

3.  Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from peripheral nerve damage proximately caused by the electric shock?

4.  Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from neuropathy proximately caused by the shock?

5.  Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from severe pain in the upper and lower extremities proximately caused by the shock?

6.  Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from difficulty with concentration proximately caused by the shock?

7.  Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from short term memory loss proximately caused by the shock?

8.  Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from headaches proximately caused by the shock?

9.  Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from chronic pain proximately caused by the shock?

10.  Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from depression proximately caused by the shock?

11.  Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from anxiety proximately caused by the shock?

12.  Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from emotional distress proximately caused by the shock?

13.  Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from PTSD proximately caused by the shock?

14. Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from cognitive impairment proximately caused by the shock.

15. Whether Plaintiff proves, by a preponderance of the evidence, that she suffers from pain and disability proximately caused by the shock?

16. Whether Plaintiff proves, by a preponderance of the evidence, that she suffered past lost wages proximately caused by the shock and the amount of those lost wages, if any?

17. Whether Plaintiff proves, by a preponderance of the evidence, loss of future earnings proximately caused by the shock and the amount of those lost future earnings, if any?

18. Whether Plaintiff proves, by a preponderance of the evidence, damages for past medical expenses proximately caused by the shock?

19. Whether Defendants proves, by a preponderance of the evidence, that Plaintiff failed to mitigate her damages?

**EXPERT WITNESSES**

The names and addresses of the expert witnesses to be used by each party at the trial and the issue upon which each will testify is:

**(1)      On behalf of Plaintiff:**

a.      Neil Pliskin, Ph.D., ABPP.CN
University of Illinois Department of Psychiatry
912 S Wood St.
Chicago, IL  60612

Will Testify

Dr. Pliskin is a board-certified Neuropsychologist and will offer expert opinions consistent with the expert disclosures previously made by Plaintiff.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

    b.       Michael Morse, Ph.D.
4411 Point Loma Avenue
San Diego, CA 92107

Will Testify

Dr. Morse is an expert in Electrical Engineering and will offer expert opinions consistent with the expert disclosures previously made by Plaintiff and the Court's Order re: Defendants' Motions to Exclude/Motions in Limine (Dkt. # 91, pp. 5-6).

    c.       Rachel Steilberg, MS, CRC, CLCP
Vocational Consultant
Strategic Consulting Services, Inc.
1801 D Street Suite 4
Vancouver, WA 98663

Will Testify

Rachel Steilberg is a Certified Rehabilitation Counselor and will offer expert opinions consistent with the expert disclosures previously made by Plaintiff.

    d.       William G. Brandt, CPA, ABV, MBA, CFF
Forensic Economist
P.O. Box 10187
Bainbridge Island, WA 98110

Will Testify

William Brandt is a Forensic Economist and will offer expert opinions consistent with the expert disclosures previously made by Plaintiff.

    e.       Christopher Choi, MD
Concierge Wellness Center
4035 S El Capitan Way
Las Vegas, NV 89147

Will Testify (via video deposition)

Dr. Christopher Choi is Plaintiff's primary care physician and will testify concerning Plaintiff's injuries and symptoms caused by the electrocution, Plaintiff's medical treatment related to the electrocution, Plaintiff's permanent disabilities and physical restrictions caused by the electrocution, necessity of past treatment, the need for future treatment and corresponding cost of such treatment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

       f.      Venkat Veerappan, MD
Desert Neurology
9280 W. Sunset Road, Suite 236
Las Vegas, NV  89148

Will Testify (via video deposition)

Dr. Veerappan is a treating physician of Plaintiff. Dr. Veerappan will testify concerning Plaintiff's injuries and symptoms caused by the electrocution, Plaintiff's medical treatment related to the electrocution, Plaintiff's permanent disabilities and physical restrictions caused by the electrocution, necessity of past treatment, the need for future treatment and corresponding cost of such treatment.

       g.      Carissa DE Leeuw M.S., CCC-SLP
Speech Therapy Associates
501 S. Rancho Drive
Las Vegas, Nevada

Possible Witness Only

Carissa DE Leeuw is Plaintiff's treating speech-language pathologist. Ms. Leeuw would be expected to testify to the necessity of Plaintiff's speech therapy, the need for future therapies and the corresponding cost of such therapies.

       h.      Sharon Jung, Psy.D., ABPP-CN
Neurology Center of Nevada
653 N town Center Drive
Las Vegas, NV

Possible Witness Only

Dr. Jung is a treating physician of Plaintiff. Dr.  Jung will testify concerning Plaintiff's psychological injuries and symptoms caused by the electrocution, Plaintiff's treatment related to the electrocution, necessity of past treatment, the need for future treatment and corresponding cost of such treatment.

       i.      Kenneth Houchin, M.D.
Elko Eye Center
875 14th St, Elko, NV 89801

Possible Witness Only

Dr. Houchin is Plaintiff's treating ophthalmologist. Dr. Houchin will testify concerning Plaintiff's vision and symptoms caused by the electrocution, Plaintiff's ophthalmology evaluations related to the electrocution, necessity of past evaluations, the need for future evaluations and corresponding cost.

j.      Samir S. Bangalore, M.D.
        Sunrise Hospital and Medical Center
        3186 South Maryland Parkway
        Las Vegas, NV 89109

        Possible Witness Only

        Dr. Bangalore is a board certified Neurologist and was Plaintiff's treating physician following her hospitalization at Sunrise Hospital. Dr. Bangalore will testify concerning their care and treatment of plaintiff as described in their medical records and the causal connection between the conditions they treated and diagnosed and plaintiff's electrocution. It is expected the testimony will describe the combination of epileptic seizures and non-epileptic seizures or psychogenic seizures and the causal connection to traumatic electrocution suffered by Mrs. Platt and resultant stress disorder. They will testify in a manner consistent with the medical records previously produced, care and treatment as well as recommendations to plaintiff for further evaluation of her psychogenic seizures.

k.      Jeffrey Burton, D.O
        United Critical Care
        6040 S. Fort Apache Road, Suite 100
        Las Vegas, NV 89148
        Sunrise Hospital and Medical Center
        3186 South Maryland Parkway
        Las Vegas, NV 89109

        Possible Witness Only

        Dr. Burton is an internal medicine specialist and was Plaintiff's treating physician following her hospitalization at Sunrise Hospital. Dr. Burton will testify concerning their care and treatment of plaintiff as described in their medical records and the causal connection between the conditions they treated and diagnosed and plaintiff's electrocution. It is expected the testimony will describe the combination of epileptic seizures and non-epileptic seizures or psychogenic seizures and the causal connection to traumatic electrocution suffered by Mrs. Platt and resultant stress disorder. They will testify in a manner consistent with the medical records previously produced, care and treatment as well as recommendations to plaintiff for further evaluation of her psychogenic seizures.

**(2) On behalf of Defendants:**

a.   Lawrence Murphy, MD.
4957 Lakemont Blvd, Suite C4, #23
Bellevue, WA 98006

Will testify.

Dr. Murphy is a neurologist.  He will offer expert medical opinions within his area of expertise and consistent with expert disclosures previously made by Holland America

b.   Kristoffer Rhoads, MD
411 12th Ave, Suite 305
Seattle, WA 98122

Will testify.

Dr. Rhoads is a neuropsychologist and will offer expert medical opinions within his area of expertise and consistent    with    expert    disclosures previously made by Holland America.

c.   Bill Partin or Casey Lesoing
Mueller & Partin
4001 108th Ave NE
Bellevue, WA 98004

Will testify.

Messrs. Partin and Lesoing are forensic accountants and economists. One will be called to testify at trial and will offer opinions consistent with Holland America's expert disclosures concerning Plaintiff's claimed economic damages.

## OTHER WITNESSES

The names and addresses of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

**(1)     On behalf of Plaintiff:**

a.     Therese Rohling Platt

11720 Glowing Sunset Lane
Las Vegas, Nevada 89135

Will Testify

Plaintiff will testify to the facts and circumstances of the incident described in the complaint, negligence of the defendants, and her injuries and damages related to those injuries.

b.   William Stephan Platt
11720 Glowing Sunset Lane
Las Vegas, Nevada 89135

Will Testify

Mr. Platt will testify to the facts and circumstances of the incident described in the Complaint, negligence of the defendants, Plaintiff's physical condition prior to her injuries, her condition subsequent to her injuries, effects of the injuries on Plaintiff as observed by him and damages related to the incident.

c.   Stephen Laverton
Employee of Holland America

Via Deposition

Security Officer for Holland America. Mr. Laverton will testify to his knowledge of the facts and circumstances of the incident described in the Complaint, his investigation of the beverage dispenser and surrounding area and statement taken from Plaintiff.

d.   Anthony Black
Little San Salvador, Bahamas
Employee of Holland America

Via Deposition

Island Manager for Half Moon Cay, Bahamas. Mr. Black will testify regarding the incident described in the complaint and any other matters pertinent to this action.

e.   Kathleen Eisert
910 Sunrise Drive
Wapakoneta, Ohio 45895

Via Deposition

Eyewitness to the incident. Ms. Eisert will testify to her observations of the incident described in the Complaint.

f.    Sherry Watford
2 Meadow Crossing Court
Greensboro, North Carolina

Via Deposition

Eyewitness to the incident. Ms. Watford will testify to her observations of the incident described in the Complaint.

g.    Records Custodian – Nevada State College

To lay foundation and authenticate records.

Possible Witness Only

h.    Records Custodian/Vincent Lawsin[1] – Swedish Hospital

To lay foundation and authenticate records.

Possible Witness Only

i.    Records Custodian – Speech Therapy Associates

To lay foundation and authenticate records.

Possible Witness Only

j.    Author of Videos/Records Custodian – Summerlin Hospital

To lay foundation and authenticate records and videos (See Exhibits 46-64).

Possible Witness Only

(2)    **On behalf of Defendants:**

a.    James P. Colwell
Holland America Line
450 3rd Ave W

---

[1] Defendant objects to Mr. Lawsin being called as a witness.  Defendant asserts he was not timely disclosed.

1    Seattle, WA 98119

2    Possible witness only.

3    Mr. Colwell is the P&I Litigation and Claims Manager for Holland
4    America Group.  He may have information regarding Plaintiff's claim,
     Holland America procedures and records, and any other matters pertinent
5    to this action.

6        b.    Jeroen De Winter
               Holland America Line
7              450 3rd Ave W
8              Seattle, WA 98119

9    Possible witness only.

10   Mr. De Winter was the Staff Captain aboard the ZUIDERDAM.  He may
11   be called to testify regarding the incident, investigation, Holland America
     documents, vessel procedures and actions, interactions with Mr. and Mrs.
12   Platt, and any other matters pertinent to this action.

13       c.    Steve Laverton
               Holland America Line
14             450 3rd Ave W
15             Seattle, WA 98119

16   Will testify.

17   Mr. Laverton was a Security Officer aboard the ZUIDERDAM. He
18   interviewed Ms. Platt and has information consistent with that provided in
     his Investigation Report and will be called testify as to his investigation,
19   observations, and any other matters pertinent to this action.

20       d.    Aileen Ley Siscar, MD
               Holland America Line
21             450 3rd Ave W
22             Seattle, WA 98119

23   Possible witness only.

24   Dr. Siscar was a ship's physician aboard the ZUIDERDAM and may be
     called to testify regarding Plaintiff's condition and his treatment of
25   Plaintiff.

         e.    Anthony Black
               Little San Salvador

PRETRIAL ORDER
PAGE 12 - CASE NO. 2:20-CV-00062-JHC

1   Bahamas

2   Possible witness only.

3   Mr. Black was the Island Manager for Half Moon Cay, Bahamas and may
4   be called to testify regarding alleged incident and any other matters
    pertinent to this action.

5

6   **EXHIBITS**

7

| Plaintiff's Exhibits | | | | | |
|---|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| 1. | Photo – Half Moon Cay Sign – (Platt 357) | Stipulated | Stipulated | | |
| 2. | Photo – Plaintiff on-board – (Platt 379) | Stipulated | Stipulated | | |
| 3. | Photo – Plaintiff on land – (Platt 363) | Stipulated | Stipulated | | |
| 4. | Photo – Plaintiff with Husband by ship – (Platt 397) | Stipulated | Stipulated | | |
| 5. | Photo – Plaintiff with First Responders – (Platt 189) | Stipulated | Stipulated | | |
| 6. | Defendant Investigation Photos - (HAL 000005-000026) | Stipulated | Stipulate to: HAL005 HAL006 HAL007 HAL014 HAL015 HAL016  Disputed: HAL008 HAL009 HAL010 HAL011 | FRE 401/402; FRE 403 | |

| | | | | HAL012 | | |
|---|---|---|---|---|---|---|
| | | | | HAL013 | | |
| | | | | HAL017 | | |
| | | | | HAL018 | | |
| | | | | HAL109 | | |
| | | | | HAL020 | | |
| | | | | HAL021 | | |
| | | | | HAL022 | | |
| | | | | HAL023 | | |
| | | | | HAL024 | | |
| | | | | HAL025 | | |
| | | | | HAL026 | | |
| | 7. | Defendant Investigation Report - (HAL 000027-000028) | Stipulated | Stipulated | | |
| | 8. | Defendant Initial Findings - (HAL 000029-222230) | Stipulated | Disputed | FRE 401/402; 403 | |
| | 9. | Crewmember Statement – Najmudin - (HAL 000031-000032) | Stipulated | Stipulated | | |
| | 10. | Crewmember Statement – De La Rosa - (HAL 000033-000034) | Stipulated | Stipulated | | |
| | 11. | Plaintiff Guest Statement and Injury Report - (HAL 000035-000037) | Stipulated | Stipulated | | |
| | 12. | Boarding Pass/ Boarding Tickets - (Platt 1-3) | Stipulated | Stipulated | | |
| | 13. | Awards & School Transcript – (Platt 442-447) | Disputed | Disputed | FRE 402, 403, 901 | |

| | | | | | |
|---|---|---|---|---|---|
| 14. | Plaintiff's Resume - (Platt 857) | Stipulated | Disputed | FRE 802 | |
| 15. | Swedish Hospital Job Offer to Plaintiff – 2017 - (Platt 858-860) | Disputed | Disputed | FRE 802, 901, 1002<br><br>Foundation | |
| 16. | Plaintiff's 2014 W2 - (Platt 847) | Stipulated | Stipulated | | |
| 17. | Plaintiff's 2015 Tax Return - (Platt 848 – 856) | Stipulated | Stipulated | | |
| 18. | Desert Neurology – Medical Records | Stipulated | Disputed | Foundation, FRE 403 | |
| 19. | Concierge Wellness Center – Medical Records | Stipulated | Disputed | Foundation, FRE 403 | |
| 20. | Pueblo Medical Imaging – Medical Records | Stipulated | Disputed | FRE 403 | |
| 21. | SeaCare – Medical Records | Stipulated | Stipulated | | |
| 22. | St. Elizabeth Hospital – Medical Records | Stipulated | Disputed | Foundation; FRE 403, | |
| 23. | Steinberg Diagnostic Medical Imaging – Medical Records | Stipulated | Disputed | Foundation; FRE 403 | |
| 24. | Neurology Center of Nevada – Medical Records | Stipulated | Disputed | Foundation; FRE 403 | |
| 25. | Speech Therapy Associates – Medical Records | Disputed | Disputed | Foundation; FRE 403, 1002 | |
| 26. | Advanced Cardiovascular Specialists – Medical Records | Stipulated | Disputed | Foundation; FRE 403 | |
| 27. | Sage Acupuncture Clinic – Medical Records | Stipulated | Disputed | Foundation; FRE 403, 702 | |

| 28. | Elko Eye Center – Medical Records | Stipulated | Disputed | Foundation; FRE 403 | |
|-----|-----------------------------------|------------|----------|---------------------|---|
| 29. | Summerlin Hospital – Medical Records | Stipulated | Disputed | Foundation; FRE 403 | |
| 30. | Sunrise Hospital – Medical Records | Stipulated | Stipulated | | |
| 31. | Integrated Psychological Solutions – Medical Records | Stipulated | Disputed | Excluded by court (Dkt. # 85), ER 403 | |
| 32. | Desert Neurology – Itemized Billing | Stipulated | Disputed | Foundation, FRE 403 | |
| 33. | Concierge Wellness Center – Itemized Billing | Stipulated | Stipulated | Foundation, FRE 402, 403, 901 | |
| 34. | Pueblo Imaging – Itemized Billing | Stipulated | Disputed | Foundation, FRE 403 | |
| 35. | SeCare/St. Elizabeth Hospital – Itemized Billing | Stipulated | Disputed | Foundation, FRE 403 | |
| 36. | Steinberg Diagnostic - – Itemized Billing | Stipulated | Disputed | Foundation, FRE 403 | |
| 37. | Neurology Center of Nevada – Itemized Billing | Stipulated | Disputed | Foundation, FRE 403 | |
| 38. | Speech Therapy Associates – Itemized Billing | Stipulated | Disputed | Foundation, FRE 403 | |
| 39. | Advanced Cardiovascular Specialists – Itemized Billing | Stipulated | Disputed | Foundation, FRE 403 | |
| 40. | Sage Acupuncture – Itemized Billing | Stipulated | Disputed | Foundation, FRE 403 | |
| 41. | Elko Eye Center – Itemized Billing | Stipulated | Disputed | Foundation, FRE 403 | |
| 42. | Summerlin Hospital – Itemized Billing | Stipulated | Disputed | Foundation, FRE 403 | |

| 43. | Sunrise Hospital – Itemized Billing | Stipulated | Disputed | Foundation, FRE 403 | |
|---|---|---|---|---|---|
| 44. | Integrated Psychological Solutions – Itemized Billing | Stipulated | Disputed | Excluded by court (Dkt. # 85); ER 402, 403. | |
| 45. | Itemization of Incurred Expenses | Disputed | Disputed | FRE 802, 403 | |
| 46. | Video 1 - IMG 4836 – EEG Monitor 11/2/22 at Sunrise Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 47. | Video 2 - IMG 4837 – EEG Monitor 11/2/22 at Sunrise Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 48. | Video 3 - IMG 4838 – EEG Monitor 11/2/22 at Sunrise Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 49. | Video 4 - IMG 4841- EEG Monitor 11/4/2022 at Sunrise Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 50. | Video 5 - IMG 4842 - EEG Monitor 11/4/2022 at Sunrise Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 51. | Video 6 - IMG 4843 - EEG Monitor 11/4/2022 at Sunrise Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 52. | Video 7 - IMG 4844 - EEG Monitor 11/4/2022 at Sunrise Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 53. | Video 8 - IMG 5582 – Seizure at Home | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 54. | Video 9 - IMG 5583 – Seizure at Home | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |

| 55. | Video 10 - IMG 5603 – Seizure at Summerlin Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
|---|---|---|---|---|---|
| 56. | Video 11 - IMG 5604 – Seizure at Summerlin Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 57. | Video 12 - IMG 5605 – Seizure at Summerlin Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 58. | Video 13 - IMG 5606 – Seizure at Summerlin Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 59. | Video 14 - IMG 5607 – Seizure at Summerlin Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 60. | Video 15 - IMG 5608 – Seizure at Summerlin Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 61. | Video 16 - IMG 5615 – Summerlin Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 62. | Video 17 - IMG 5616 – Summerlin Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 63. | Video 18 - IMG 5617 – Summerlin Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 64. | Video 19 - IMG 5618 – Summerlin Hospital | Disputed | Disputed | Foundation, FRE 402, 403, 901 | |
| 65. | Article 1 – The Truth about Psychogenic Nonepileptic Seizures | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 66. | Article 2 – Psychogenic Nonepileptic Seizures | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 67. | Article 3 – Driving a motor vehicle and psychogenic nonepileptic seizures | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |

| 68. | Article 4 – Long-term sequelae of electrical injury | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
|---|---|---|---|---|---|
| 69. | Article 5 – Neuropsychological changes following electrical injury | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 70. | Article 6 – Psychiatric morbidity following electrical injury and its effects on cognitive functioning | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 71. | Article 7 – Long-term consequences of electrical injury: neuropsychological predictors and adjustment | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 72. | Article 8 – Mood and Cognition after Electrical Injury | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 73. | Article 9 – Alteration in Functional Brain Systems after Electrical Injury | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 74. | Article 10 – Neurological symptoms and disorders following electrical injury | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 75. | Article 11 – Neurological and neurourological complications of electrical injuries | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 76. | Article 12 – Why Won't People Talk about Psychogenic Nonepiliptic Seizures | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 77. | Article 13 – Simultaneous Occurrence of | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |

| | | | | | |
|---|---|---|---|---|---|
| | Nonepileptic … El-Naggar 2017 | | | | |
| 78. | Article 14 – Dual Diagnosis of Epilepsy … Mansur A. Kutlubaev | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 79. | Article 15 - Lezak 1995 - Neuropsychological Assessment | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 80. | Article 16 - Assessment of differential neurocognitive, et al | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 81. | Article 17 - Psychometric implications of fails | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 82. | Article 18 – Electrical Injuries: Neurologic Complications | Disputed | Disputed | FRE 402, 403, 702, 802, 901 | |
| 83. | Dr. Michael Morse – Curriculum Vitae, Reports, Attachments, Figures. | Stipulated | Disputed | FRE 802 | |
| 84. | Dr. Neil Pliskin – Curriculum Vitae, Reports, Attachments, Figures. | Stipulated | Disputed | FRE 802 | |
| 85. | Dr. William Brandt – Curriculum Vitae, Reports, Attachments, Figures. | Stipulated | Disputed | FRE 802 | |
| 86. | Rachel Steilberg, MS – Curriculum Vitae, Reports, Attachments, Figures. | Stipulated | Disputed | FRE 802 | |
| 87. | Dr. Samir Bangalor – Curriculum Vitae | Disputed | Disputed | FRE 802, 901 | |
| 88. | Dr. Venkat Veerappan – Curriculum Vitae | Disputed | Disputed | FRE 802, 901 | |

| | | Authenticity | Admissibility | Objection | Admitted |
|---|---|---|---|---|---|
| 89. | Plaintiff's messaging - Platt 197-206 | Stipulated | Stipulated | | |
| 90. | Plaintiff's journal - Platt 234-315 | Stipulated | Stipulated | | |
| 91. | Steve Platt correspondence to Dr. Choi - Platt 230-233 | Stipulated | Stipulated | | |
| 92. | Steve Platt correspondence to Don Westra - Platt 327-329 | Stipulated | Stipulated | | |
| 93. | Plaintiff's photographs from her cruise - Platt 341-441 | Stipulated | Stipulated | | |
| 94. | 12/2/2011 Summerlin Hospital record - HAL 452-458 | Stipulated | Stipulated | | |
| 95. | 9/2/2014 Summerlin Hospital record - HAL 488-509 | Stipulated | Stipulated | | |
| 96. | Dr. Adams record 6/24/2015 - Platt 2224-2228 | Stipulated | Stipulated | | |
| 97. | Dr. Adams record 9/28/2015 - Platt 727-731 | Stipulated | Stipulated | | |

| Defendant's Exhibits | | | | | |
|---|---|---|---|---|---|
| Ex. # | Description | Authenticity | Admissibility | Objection | Admitted |
| 500. | Photo of Gazebo - HAL 38 | Stipulated | Stipulated | | |
| 501. | "From the Captain" - HAL 179-194 | Stipulated | Stipulated | | |
| 502. | Partin report, CV, and attachments. | Disputed | Disputed | Foundation/ FRE 802 | |
| 503. | Dr. Murphy CV, reports, and supplements. | Disputed | Disputed | Foundation/ FRE 802 | |

| 504. | Dr. Rhoads CV, reports, and supplements. | Disputed | Disputed | Foundation/ FRE 802 | |
|------|------------------------------------------|----------|----------|---------------------|---|

## ACTION BY THE COURT

(a) This case is scheduled for trial on June 12, 2023.

(b) Trial briefs shall be submitted to the court on or before June 5, 2023.

Dated this 1st day of June, 2023.

THE HONORABLE JOHN H. CHUN